IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 20-00046 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRESTON C. HARDIN (01); ANTHONY K. MARK (02), | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) ) | |

**ORDER DENYING DEFENDANT TRESTON C. HARDIN'S OBJECTION TO THE APPLICATION OF UNITED STATES SENTENCING GUIDELINE § 2B3.1(b)(2)(B)**

On March 24, 2022, the grand jury returned the First Superseding Indictment, charging Defendants Treston C. Hardin and Anthony K. Mark with:

**Count I:** <u>Carjacking</u> in violation of 18 U.S.C. § 2119

On or about March 14, 2020, within the District of Hawaii, Treston C. Hardin and Anthony K. Mark, the defendants, with the intent to cause death or serious bodily harm, did take a motor vehicle that had been transported, shipped, and received in interstate or foreign commerce, namely a 1992 Nissan truck, from the person or presence of another by force and violence or by intimidation, and did aid and abet the same, in violation of 18 U.S.C. §§ 2, 2119; and,

**Count II:** <u>Using and Carrying a Firearm During and In Relation to a Crime of Violence</u>, e.g., during and in relation to Carjacking, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).

(First Superseding Indictment, ECF No. 138).

1

Defendant Treston C. Hardin was additionally charged, as follows:

**Count III:** <u>Felon in Possesion of a Firearm</u> in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

(<u>Id.</u>)

On January 18, 2023, Defendant Anthony K. Mark pled guilty to Count 1 of the First Superseding Indictment for **<u>Carjacking</u>** in violation of 18 U.S.C. §§ 2, 2119.  (ECF No. 176).  Defendant Mark entered into a Memorandum of Plea Agreement with the Government.  (ECF No. 177).

On January 19, 2023, Defendant Treston C. Hardin also pled guilty to Count 1 of the First Superseding Indictment for **<u>Carjacking</u>** in violation of 18 U.S.C. §§ 2, 2119.  (ECF No. 178).  Defendant Hardin entered into a Memorandum of Plea Agreement with the Government.  (ECF No. 179).

On March 24, 2023, the Probation Officer filed a Draft Presentence Investigation Report.  (ECF No. 185).  In the Draft Presentence Investigation Report, the Probation Officer found that a 6-level enhancement to the sentencing guidelines for Carjacking was applicable pursuant to U.S.S.G. § 2B3.1(b)(2)(B).  The 6-level enhancement applied because a "firearm was otherwise used" in the commission of a robbery.  The Probation Officer determined a firearm was "used" based on the Defendants' pleas of guilty and their stipulations in the Memorandums of Plea Agreement that stated that a shotgun was pointed at the victim

and a specific threat to him was made during the carjacking. (Id. at ¶ 23, ECF No. 185).

On April 7, 2023, Defendant Hardin filed an Objection to the 6-level enhancement pursuant to the application of U.S.S.G. § 2B3.1.  (ECF No. 190).

On April 27, 2023, the Court held a hearing with the Parties regarding Defendant Hardin's objection to the Draft Presentence Investigation Report's application of U.S.S.G. § 2B3.1.  (ECF No. 193).  Defendant Hardin's attorney requested leave to file a memorandum in support of his objection, which was granted.  (Id.)

On May 17, 2023, Defendant Hardin filed his Memorandum in support of his Objection to the Application of § 2B3.1.  (ECF No. 194).

On May 25, 2023, the Government filed its Response.  (ECF No. 197).

On June 29, 2023, the Probation Officer filed the Final Presentence Investigation Report, finding that the 6-level increase in the sentencing guidelines applies and rejecting Defendant Hardin's challenge to the enhancement for use of the firearm.  (ECF No. 202).

## ANALYSIS

The United States Sentencing Guidelines provide that Section 2B3.1 applies for convictions of Carjacking pursuant to 18 U.S.C.

§ 2119.

The Base Offense Level for Carjacking is 20.  U.S.S.G. § 2B3.1(a).  Section 2B3.1(b) provides for enhancements for specific offense characteristics for Carjacking.  Section 2B3.1(b)(2) provides, as follows:

- (A)   If a firearm was discharged, increase by 7 levels;
- (B)   If a firearm was otherwise used, increase by 6 levels;
- (C)   If a firearm was brandished or possessed, increase by 5 levels;
- (D)   If a dangerous weapon was otherwise used, increase by 4 levels;
- (E)   If a dangerous weapon was brandished or possessed, increase by 3 levels; or
- (F)   If a threat of death was made, increase by 2 levels.

U.S.S.G. § 2B3.1(b)(2).

The district court shall consider all applicable Guidelines provisions in calculating the guideline range for an offense.  United States v. Smith, 719 F.3d 1120, 1123 (9th Cir. 2013).  The district court may apply all applicable specific offense characteristics to enhance the base level offense.  United States v. Williams, 693 F.3d 1067, 1075 (9th Cir. 2012).

"The burden of proof for a factual finding underlying a sentencing enhancement depends on the magnitude of the finding's effect on the sentencing range."  United States v. Valle, 940 F.3d 473, 479 (9th Cir. 2019).  Generally, a preponderance of the evidence standard applies.  Id.  The Government must meet the

higher "clear and convincing evidence" standard in cases where there is "an extremely disproportionate impact on the sentence." United States v. Jordan, 256 F.3d 922, 930 (9th Cir. 2001).

Here, the dispute is whether a 6-level increase applies or whether a 5-level increase applies pursuant to Section 2B3.1(b)(2).

The lower preponderance of the evidence standard applies because the dispute involves only a 1-level of increase.  See United States v. Gonzalez, 492 F.3d 1031, 1039-40 (9th Cir. 2007) (explaining that an extremely disproportionate impact generally occurs where the increase in the number of offense levels is four or more or where the increase more than doubles the length of sentence).

**I.   Use Of A Firearm Pursuant To U.S.S.G. § 2B3.1**

The terms "otherwise used" and "brandished" are defined in the United States Sentencing Guidelines for purposes of Section 2B3.1 as follows:

> "Otherwise used" with reference to a dangerous weapon (including a firearm) means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon.

U.S.S.G. § 1B1.1, Application Note (J).

> "Brandished" with reference to a dangerous weapon (including a firearm) means that all or part of the weapon was displayed, or the presence of the weapon was

>    otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person. Accordingly, although the dangerous weapon does not have to be directly visible, the weapon must be present.

U.S.S.G. § 1B1.1, Application Note (C).

The Ninth Circuit Court of Appeals reviewed the definitions for "otherwise used" and "brandished" with respect to the enhancements set forth in U.S.S.G. § 2B3.1(b)(2) in United v. Albritton, 622 F.3d 1104, 1107 (9th Cir. 2010). The Ninth Circuit Court of Appeals adopted the reasoning of the First Circuit Court of Appeals and ruled that a weapon is "otherwise used" once there is "specific leveling" of the weapon at another person. Id. (citing United States v. Villar, 586 F.3d 76, 90 (1st Cir. 2009).

In Albritton, the defendant was observed pointing the firearm at the teller, ordering her to go down, and then specifically leveled the weapon at the loan officer and directed her across the room. 622 F.3d at 1107. The Ninth Circuit Court of Appeals held that this conduct met the criteria for application of the "otherwise used" enhancement. Id. The appellate court explained that a firearm is "brandished" for purposes of the sentencing enhancement when the weapon is merely generally displayed. Id. The higher enhancement for "otherwise used" is applied when the firearm is leveled or pointed directly at an individual for purposes of the theft. Id.

6

## II. Defendant Hardin Stipulated That A Shotgun Was Used During The Carjacking And Testified During His Guilty Plea That The Shotgun Was Used

On January 19, 2023, Defendant Treston C. Hardin pled guilty to Count 1 of the Superseding Indictment for Carjacking in violation of 18 U.S.C. §§ 2, 2119.  (ECF No. 178).

### A. Defendant Hardin Stipulated That He Pointed The Shotgun At The Victim And Would Have Used It If Necessary In Order To Steal The Victim's Truck

In Defendant Hardin's Memorandum of Plea Agreement, he stipulated to the following facts:

a. On or about March 14, 2020, at approximately 11:00AM, Victim W.A. was sitting in the driver's seat of his Nissan "Hardbody" truck at the Waipio soccer complex in the District of Hawaii. [Co-Defendant] Anthony Kelii Mark drove a red Mazda hatchback up to W.A.'s truck and parked next to W.A.'s truck on its passenger side.  HARDIN was sitting in the passenger's seat of Mark's red Mazda.

b. HARDIN then exited the passenger's side of the red Mazda and walked over to the passenger's side door of W.A.'s truck.  HARDIN opened the passenger door of the W.A.'s truck and stood outside the open door.

c. HARDIN then reached into the backseat of the red Mazda and removed a bolt-action shotgun with a wooden frame.

d. HARDIN then **pointed the shotgun at W.A.**, who was still seated in the driver's seat of his truck.

e. Mark had been sitting in the driver's seat of the red Mazda, next to where HARDIN stood as HARDIN engaged with W.A.  Mark saw that **HARDIN had**

    **pointed the shotgun at the victim.**  Mark then left the red Mazda and walked around to the driver's side of W.A.'s truck.  Mark then ordered W.A. to get out of his truck.

 ...

 h. HARDIN and Mark intended to utilize the shotgun and shoot W.A. in the event that W.A. did not surrender his Nissan Hardbody truck to them, which would have resulted in W.A.'s death or severe bodily injury.

(Defendant Hardin's Memorandum of Plea Agreement at pp. 5-6, ECF No. 179) (emphasis added).

  **B.** **Defendant Hardin Testified That He Pointed The Shotgun At The Victim And Would Have Used It If Necessary In Order To Steal The Victim's Truck**

  Defendant Hardin testified under oath during his change of plea hearing before the Court.  (Transcript of January 19, 2023 Change of Plea Hearing for Defendant Treston Hardin at p. 3, ECF No. 180).  At the hearing, the Court asked Defendant Hardin what he did that made him guilty of Carjacking in violation of 18 U.S.C. §§ 2, 2119.  Defendant Hardin testified, in relevant part, as follows:

 HARDIN: I took his truck from him.

 COURT: You heard the detail that Mr. Yates went through, that's what I'm looking for.  From the beginning through the end, Mr. Hardin, what was the first thing you did?

 HARDIN: We pulled up to his truck, **I got out the truck, pointed the gun at him and told him to give me his truck**.

| | |
|---|---|
| COURT: | So what car were you riding in when you pulled up? |
| HARDIN: | The Mazda, red Mazda. |
| COURT: | Who was driving? |
| HARDIN: | Mark. |
| COURT: | And you got out of the truck – the Mazda, and what did you do then? |
| HARDIN: | **I reached into the backseat, grabbed the shotgun, and pointed it at him.** |
| COURT: | Where were you standing when you pointed it at the victim? |
| HARDIN: | Outside the passenger door. |
| COURT: | Of the victim's truck? |
| HARDIN: | Yes. |
| COURT: | What did you say to him? |
| HARDIN: | **I told him to give me his truck.** |
| COURT: | **What was your intention as you stood there with the shotgun?** |
| HARDIN: | **To intimidate him.** |
| COURT: | **And if he did not comply, what was your intention?** |
| HARDIN: | **To harm him.** |
| COURT: | **With the gun?** |
| HARDIN: | **Yes.** |

(Transcript of January 19, 2023 Change of Plea Hearing for Defendant Treston Hardin at pp. 22-24, ECF No. 180) (emphasis added).

### III. The 6-Level Enhancement For "Otherwise Use" Of A Firearm During A Carjacking Applies

The Government bears the burden of proving the facts necessary to enhance a defendant's base offense level under the United States Sentencing Guidelines. United States v. Showalter, 569 F.3d 1150, 1159-60 (9th Cir. 2009). District courts have broad discretion to consider information relevant to the sentencing determination provided that the information has sufficient indicia of reliability to support its probable accuracy. Id. (citing United States v. Berry, 258 F.3d 971, 976 (9th Cir. 2001)).

Defendant's own testimony during his guilty plea supports finding the 6-level enhancement applies. Defendant Hardin testified that he pointed the shotgun at the victim in order to intimidate the victim to give Defendant Hardin the truck. The victim fled after Defendant Hardin leveled the shotgun at him and threatened him. The Ninth Circuit Court of Appeals has ruled that leveling a firearm at a victim and directing him to act supports the 6-level enhancement for "otherwise used" a firearm as set forth in 2B3.1(b)(2)(B). Albritton, 622 F.3d at 1107.

Other Circuit Courts of Appeals have similarly ruled that pointing a gun at a victim and directing the victim to comply with instructions during a robbery or carjacking constitutes "otherwise use" a firearm for purposes of Section 2B3.1(b)(2)(B).

United States v. Johnson, 803 F.3d 610, 616-18 (11th Cir. 2015); United States v. Santos, 631 Fed. Appx. 222, 224 (5th Cir. 2015).

In addition to Defendant Hardin's own testimony, the stipulations of fact in the Memorandum of Plea Agreement support the 6-level enhancement. Stipulations in a defendant's own plea agreement have sufficient indicia of reliability to support a finding that an enhancement applies to the defendant. See United States v. Libbert, 755 Fed. Appx. 637, 639 (9th Cir. 2018).

Defendant Mark's statements also support the 6-level enhancement. The stipulations in Defendant Mark's Memorandum of Plea Agreement and testimony by Defendant Mark corroborate that Defendant Hardin pointed the shotgun at the victim and ordered him to give up the truck. Defendant Mark corroborates Defendant Hardin's statements and provides external consistency that demonstrate the reliability of Defendant Mark's evidence. Berry, 258 F.3d at 976 (explaining that co-defendant plea agreements have probative value at sentencing when supported by a sufficient indicia of reliability).

**IV. Defendant Hardin's Arguments That Brandishing Should Apply Are Not Persuasive**

Defendant Hardin argues that a 5-level enhancement for "brandishing" the firearm rather the 6-level enhancement for "otherwise use" of the firearm should apply pursuant to U.S.S.G. § 2B3.1(b)(2).

11

### A. Defendant Hardin's Reliance On The Dissent In <u>Albritton</u> Is Unpersuasive

Defendant Hardin relies on the dissent in <u>Albritton</u> that argues the enhancement for "otherwise used" should only be applied where the firearm was used to strike or pistol whip a victim. There is no legal support for such an application other than the non-binding dissent. The Court has been unable to locate any opinion that has required the firearm be used to strike a victim in order for "otherwise used" to be applied.

To the contrary, numerous cases have ruled that physical contact between the weapon and the victim is not required to find the defendant "otherwise used" the weapon. <u>United States v. Warren</u>, 279 F.3d 561, 562-63 (7th Cir. 2002). Rather, caselaw supports application of the "otherwise used" enhancement when the defendant points or levels a firearm at a victim and makes a specific threat which intends to intimidate the victim to complying with the defendant's demands. <u>United States v. Paine</u>, 407 F.3d 958, 964 (8th Cir. 2005); <u>see</u> <u>also</u> <u>Villar</u>, 586 F.3d at 90; <u>United States v. Bell</u>, 947 F.3d 49, 61-62 (3d Cir. 2020); <u>United States v. Dunigan</u>, 555 F.3d 501, 505 (5th Cir. 2009); <u>United States v. Bolden</u>, 479 F.3d 455, 461 (6th Cir. 2007).

### B. Defendant Hardin's Reliance On A Letter From His Expert Is Unpersuasive

Defendant Hardin also argues that the 6-level enhancement

should not apply based on a letter from his expert.  Defendant Hardin submitted a letter from Gregory Laskowski in support of his position.  (Letter from Gregory E. Laskowski, Forensic Examiner, no date provided, attached as Ex. A to May 17, 2023 Memorandum, ECF No. 194-1).

On March 14, 2020, the carjacking occurred when Defendant Hardin pointed the shotgun at W.A. and ordered him out of the truck.  Defendant Hardin testified that he pointed the shotgun at W.A. and that he did so to intimidate him.  Defendant Hardin testified that he intended to harm W.A. with the shotgun if W.A. did not comply.

Two days later, on March 16, 2020, the shotgun was recovered by the Honolulu Police Department.  (Affidavit in Support of Criminal Complaint at ¶¶ 4-5, 7, 9-10, ECF No. 1).  The shotgun was retrieved after Honolulu Police Officers attempted to pull over a Toyota Corolla driving at a high rate of speed without headlights around midnight on March 16, 2020.  (Id. at ¶ 7).  The car evaded police, drove through a wooden fence, and was found in a yard, abandoned.  (Id. at ¶ 8).  A search of the car found a wallet with a bus pass with a photo for "Treston Hardin" and a duffle bag with a shotgun with a wooden stock that was identified by W.A. as the shotgun used to threaten him.  (Id. at ¶¶ 9-10).

The letter from Defendant Hardin's expert states that the Honolulu Police Department's Firearm Examiner conducted an

analysis of the shotgun some time after it was found on March 16, 2020, two days after the March 14, 2020 carjacking. The letter states that the Honolulu Police Department's Firearm Examiner determined that the shotgun was inoperable at the time of the examination.

Defendant Hardin's reliance on the expert letter does not support his argument that "otherwise used" should not apply.

First, Defendant's expert never examined the shotgun. Defendant's expert is relying on hearsay information and second-hand accounts.

Second, there is no evidence as to the operability of the shotgun at the time of the carjacking on March 14, 2020. The record demonstrates that the shotgun was found in a car after a pursuit by police officers after the car drove through a wooden fence. There is no ability to know the state of the shotgun at the time of the carjacking on March 14, 2020. The state of the shotgun after March 14, 2020 is irrelevant to the use of the shotgun at the time of the carjacking.

Third, Defendant Hardin testified that he intended to use the shotgun during the carjacking. Defendant Hardin testified that he used the shotgun to intimidate W.A. and intended to harm W.A. if he did not give him the truck. (Transcript of the Guilty Plea at p. 24, ECF No. 180). Hardin's arguments do not alter the Court's finding that the 6-level enhancement applies.

## V. The 6-Level Enhancement for "Otherwise Used" A Firearm During The Carjacking Also Applies To Defendant Mark

Defendant Mark did not challenge the application of the 6-level enhancement for "otherwise used" the firearm in committing the carjacking. The Court finds that the 6-level enhancement also applies to Defendant Mark.

On January 18, 2023, Defendant Mark also pled guilty to Carjacking. (ECF No. 176). Defendant Mark's plea agreement contained nearly identical language to Defendant Hardin's, stipulating that Defendant Hardin pointed the shotgun at W.A. and both Defendant Mark and Defendant Hardin ordered W.A. to get out of the truck. (Memorandum of Plea Agreement for Anthony Mark at p. 6-7, ECF No. 177). Defendant Mark also stipulated that "Hardin and MARK intended to utilize the shotgun and shoot W.A. in the event that W.A. did not surrender his Nissan Hardbody truck to them, which would have resulted in W.A.'s death or severe bodily injury." (Id.)

Defendant Mark testified during his guilty plea hearing that Defendant Hardin pointed the gun at W.A. Defendant Mark testified that he assisted Defendant Hardin commit the carjacking and that they both ordered the victim out of the truck. Defendant Mark testified that after he saw Defendant Hardin point the shotgun at the victim, he "understood what [his] friend was doing" and that he "went over [to the truck] to help [Defendant

15

Hardin]."  (Transcript of Defendant Mark's Change of Plea Hearing on January 18, 2023, at p. 27).

Caselaw in the Ninth Circuit Court of Appeals supports the application of the 6-level enhancement to Defendant Mark as well as Defendant Hardin.  In United States v. Son Van Ly, 225 Fed. Appx. 685, 686 (9th Cir. 2007), the appellate court found that the 6-level enhancement for "otherwise used" applies to a co-conspirator's use of a firearm where the co-conspirator's use of the firearm in furtherance of jointly undertaken criminal activity was reasonably foreseeable to the defendant.  Defendant Hardin's use of the shotgun was reasonably foreseeable to Defendant Mark.  Defendant Mark testified that he assisted Defendant Hardin in the carjacking with the use of the shotgun.

## CONCLUSION

Defendant Treston Hardin's Objection To The Application Of U.S.S.G. § 2B3.1(b)(2)(B) is **DENIED**.

IT IS SO ORDERED.

DATED: July 13, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States of America v. Treston C. Hardin (01); Anthony K. Mark (02), Crim. No. 20-00046 HG; **ORDER DENYING DEFENDANT TRESTON C. HARDIN'S OBJECTION TO THE APPLICATION OF UNITED STATES SENTENCING GUIDELINE § 2B3.1(b)(2)(B)**